812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia HANEY and Phil P. Haney, Jr., Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC. and Jeffrey A. Hayden,
Defendants-Appellants.
 No. 86-6022.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1987.
Modified on Denial of Rehearing March 18, 1987.
 
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon plaintiffs' motion to dismiss for lack of jurisdiction and defendants' response in opposition thereto. The appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of all of the papers before the Court, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff Phil Haney (Mr. Haney) opened an options trading account with defendant Dean Witter Reynolds in 1980. In December, 1981 Mr. Haney was adjudicated incompetent and his wife was appointed conservator of his estate. She allegedly informed the account executive, defendant Hayden, of the fact that she was in charge of the account, of the need to protect the account, and of her inexperience in securities. During the next three years the net asset value of the account declined substantially.
 
 
 3
 Plaintiffs sued defendants in the district court alleging that: defendant Hayden engaged in the excessive trading or "churning" of their account; he knew or should have known that such trading was unwarranted in light of the circumstances; and such trading violated Sec. 10(b) of the Securities Act of 1934, the Securities Exchange Act of 1933, and the Tennessee Securities Act of 1980. Plaintiffs also alleged that defendants violated the Racketeer influenced and Corrupt Organizations Act and breached their fiduciary duty. Finally, plaintiffs claimed that defendants made approximately $12,500.00 from handling the account.
 
 
 4
 Defendants filed, inter alia, a motion to compel arbitration and to stay proceedings pending arbitration. The district court denied the motion to compel arbitration on the basis that claims under the Securities Act of 1934 are not arbitrable. Defendants appealed.
 
 
 5
 Upon consideration, this Court concludes that plaintiffs' motion to dismiss this appeal for lack of jurisdiction must be denied. This Court has jurisdiction to consider this appeal because an interlocutory order denying a motion to compel arbitration is immediately appealable under 28 U.S.C. Sec. 1291(a)(1). Sterne v. Dean Witter Reynolds, Inc., --- F.2d ---, No. 85-3147, slip op. at 2 (6th Cir. Jan. 6, 1987); Lisky v. Oppenheimer & Co., 717 F.2d 314, 315 (6th Cir.1983). However, the district court's decision that plaintiffs' section 10(b) claims are not arbitrable must be affirmed. In Sterne v. Dean Witter Reynolds, Inc., supra, this Court held that a plaintiff should not be compelled to arbitrate such claims despite his contractual agreement to do so. Slip op. at 5-6.
 
 
 6
 It is, therefore, ORDERED that the motion to dismiss for lack of jurisdiction is denied. It is further ORDERED that the decision of the district court is affirmed under Sixth Circuit Rule 9(d)(2).
 
 
 7
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 8
 This matter is before the court on defendants' motion for a rehearing of this court's January 22, 1987, order. Upon a review of the motion and the memorandum in support thereof, the panel concludes that the motion for rehearing should be denied. The panel is also of the opinion, however, that the January 22 order should be modified.
 
 
 9
 Accordingly, it is ORDERED that defendants' motion for rehearing is denied. It is further ORDERED that the January 22, 1987, order is hereby modified so that the last paragraph reads as follows:
 
 
 10
 It is, therefore, ORDERED that the motion to dismiss for lack of jurisdiction is denied. It is further ORDERED that the decision of the district court that Sec. 10(b) claims are not arbitrable is AFFIRMED under Sixth Circuit Rule 9(d)(2).